UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSE RODRIGUEZ, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 2:21-cv-00011-JPH-DLP |
| FRANK VANIHEL Warden, | ) ) ) | |
| Respondent. | ) | |

**ORDER GRANTING MOTION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION**

Jose Rodriguez filed this habeas action pursuant to 28 U.S.C. § 2254 challenging his 2010 conviction for attempted murder in an Indiana state court. Dkt. 1. The respondent filed a motion to dismiss arguing that Rodriguez previously brought a § 2254 habeas petition challenging the same conviction. Dkt. 11. Rodriguez argues that his previous federal habeas petition was denied as unexhausted and therefore his current petition is not successive. Dkt. 12. For the reasons discussed in this Order, the respondent's motion to dismiss, dkt. [11], is **granted**. A certificate of appealability shall not issue.

**I. Motion to Dismiss**

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Altman v. Benik*, 337 F. 3d 764, 766 (2003). This statute "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Indeed, a district court does not have subject matter jurisdiction over a second or successive petition. *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999). The "district court *must* dismiss a second or successive petition,

without awaiting any response from the government, unless the court of appeals has given approval for the filing." *Id.*

The question before the Court is whether Rodriguez's petition is successive. Petitions dismissed for "technical or procedural deficiencies that the petitioner can cure before refiling" do not count for purposes of determining whether a second petition is successive. *Altman*, 337 F.3d at 766. But Rodriguez's first petition was dismissed because he had procedurally defaulted his claims. *See Rodriguez v. Brown*, 2:15-cv-75-WTL-MJD (S.D. Ind. July 13, 2017). Petitions denied due to procedural default "count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment." *Altman*, 337 F. 3d at 766 (internal citations omitted).

Rodriguez's petition is successive, and the Seventh Circuit has denied him permission to file it. Dkt. 11-9. Accordingly, the respondent's motion to dismiss, dkt. [11], is **granted**, and this action is **dismissed for a lack of jurisdiction**. Final Judgment in accordance with this decision shall issue.

## II. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue for a claim decided on the merits, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). For claims resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Jurists of reason would not disagree that Rodriguez's petition is successive, and he lacked permission to file it. Therefore, a certificate of appealability is **denied**.

**SO ORDERED.**

Date: 6/25/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSE RODRIGUEZ
197741
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov